REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol Room 1124 Lincoln, NE 68509
Dear Senator Haberman:
You have asked whether or not a meeting held by the Board of Examiners in Medicine and Surgery in San Antonio, Texas was in violation of the Nebraska Public Meetings Law, Neb.Rev.Stat. §§ 84-1408 et seq., because the meeting was not held within the State of Nebraska.
We have found nothing in the Public Meetings Law or in any other statutory provision requiring that meetings of such bodies as the Board of Examiners in Medicine and Surgery be held within the State. Therefore, provided that all the notice and other requirements of the Public Meetings Law were complied with, it appears that the meeting in Texas did not violate the letter of the law simply because it was not held in Nebraska.
We do, however, point out that a meeting held in Texas might not comply with the spirit or intent of the law, even though not in technical violation of the law. Section84-1408 states the legislative intent as follows:
 It is hereby declared to be the policy of this state that the formation of public policy is public business and may not be conducted in secret.
 Every meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies, except as otherwise provided by the Constitution of the State of Nebraska, federal statutes, and sections 79-327, 84-1408 to 84-1414, and 85-104.
The Nebraska Supreme Court in Grein v. Board of Education,216 Neb. 158, 343 N.W.2d 718 (1984), gave a broad and liberal interpretation of the Nebraska Public Meetings Law, pointing out that such laws `are a statutory commitment to openness in government' (Id., 216 Neb. at 163) and that such laws `are broadly interpreted and liberally construed to obtain the objective of openness in favor of the public.' (Id., 216 Neb. at 164-165.)
A meeting held in San Antonio, Texas may not be a technical violation of the statute, but, as a practical matter, it would seem to contravene the intent to allow Nebraska citizens to `exercise their democratic privilege of attending and speaking at meetings of public bodies.'
You do not state in your letter of January 17, 1985, the nature of the `decisions' made by the Board in San Antonio. Therefore, even assuming that the meeting violated the Public Meetings Law in some way, we cannot say whether those `decisions' are subject to being voidable under 84-1414. Since more than 120 days have passed since the meeting, any Board action at the meeting would only be voidable by a court, and not automatically null and void. Again, however, we point out that in our view, the mere fact that the meeting was held in Texas, rather than in Nebraska, does not automatically constitute a violation of the Nebraska Public Meetings Law.
Finally, we note that § 71-121 of the Nebraska Revised Statutes deals with the conducting of business by the various boards of examiners, including the Board of Examiners in Medicine and Surgery. This section specifically allows and encourages such boards to conduct their business, to take official action, and to vote by means of mail without holding public meetings at all.
A. EUGENE CRUMP Deputy Attorney General
Charles E. Lowe Assistant Attorney General